AO 245D (Rev. 09/19) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
Middle District of Alabama

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | (For **Revocation** of Probation or Supervised Release) |
| RONALD LEWIS HENDERSON, JR. | ) | Case No.  2:19cr214-01-MHT |
| | ) | USM No.  29315-001 |
| | ) | Sandi Irwin |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ admitted guilt to violation of condition(s) _____ of the term of supervision.

☑ was found in violation of condition(s) count(s)  1, 3, 4 and 5 *   after no-contest plea.   *of the petition amended 4/28/21.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The defendant committed another federal, state or local crime. | 07/31/2020 |
| 3 | The defendant committed another federal, state or local crime. | 08/19/2020 |
| 4 | The defendant committed another federal, state or local crime. | 10/25/2020 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The government dismissed count 2.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:  0033

Defendant's Year of Birth:   1986

City and State of Defendant's Residence:
Troy, Alabama

05/20/2021
Date of Imposition of Judgment

/s/ Myron H. Thompson
Signature of Judge

MYRON H. THOMPSON, U.S. DISTRICT JUDGE
Name and Title of Judge

05/24/2021
Date

AO 245D (Rev. 09/19)  Judgment in a Criminal Case for Revocations
Sheet 1A

Judgment—Page 2 of 6

DEFENDANT: RONALD LEWIS HENDERSON, JR.
CASE NUMBER: 2:19cr214-01-MHT

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 5 | The defendant failed to answer truthfully the questions of the probation officer. | 02/01/2021 |

AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page 3 of 6

DEFENDANT: RONALD LEWIS HENDERSON, JR.
CASE NUMBER: 2:19cr214-01-MHT

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
84 Days (Time served as of May 25, 2021).

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: RONALD LEWIS HENDERSON, JR.
CASE NUMBER: 2:19cr214-01-MHT

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

12 Months.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Judgment—Page 5 of 6

DEFENDANT: RONALD LEWIS HENDERSON, JR.
CASE NUMBER: 2:19cr214-01-MHT

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

Case 2:19-cr-00214-MHT-KFP   Document 60   Filed 05/24/21   Page 6 of 6

AO 245D (Rev. 09/19)  Judgment in a Criminal Case for Revocations
       Sheet 3D — Supervised Release

Judgment—Page 6 of 6

DEFENDANT: RONALD LEWIS HENDERSON, JR.
CASE NUMBER: 2:19cr214-01-MHT

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall be placed on home detention for a period of 12 months, in addition to other conditions that are on file with the court.

2. The defendant shall attend individual trauma-informed therapy at least once per week. The therapy shall teach anger management skills, emotional regulation, communication and coping skills and address his history of being bullied and lack of trust in relationships in accordance with the recommendations of Dr. Carla Stover (see doc. regarding the use of concrete examples and direct teaching of skills. The therapist shall also monitor the defendant's substance abuse carefully and integrate relaspe prevention into his individual therapy. The United States Probation Office shall arrange for the defendant's therapy in consultation with defense counsel. The defendant shall contribute to the cost based on his ability to pay and the availability of third-party payments.

3. The defendant shall have no contact with Ms. Latonya Collins, during his term of supervison, if she contacts him, he must report that contact immediately to his probation officer. It is also suggested that the defendant contact his defense attorney immediately if Collins contacts him.

4. The defendant shall receive a psychiatric evaluation to assess whether medication would be benefical and shall follow the recommendations of the evaluator, assuming financial arrangements can be made to pay for any recommended recommendations. The United States Probation Office shall arrange for the psychiatric evaluation in consultation with defense counsel. The defendant shall contribute to the cost based on his ability to pay and the availability of third-party payments.

5. The defendant shall obtain a vocational and/or occupational assessment to determine whether vocational training and educational services are recommended and what kinds of jobs might be appropriate for him.  The United States Probation Office shall make arrangements for the assessment in consultation with defense counsel,  and the probation officer and defense counsel shall assure that the results of the evaluation are filed with the court.

6. The defendant shall not use any illegal drugs or consume alcohol and shall have alcohol monitoring.